366 F.2d 435
 W. Willard WIRTZ, Secretary of Labor, United States
Department of Labor, Plaintiff-Appellant,
v.
LOCAL UNIONS NOS. 545, 545-A, 545-B, AND 545-C,
INTERNATIONAL UNION OF OPERATING ENGINEERS,
Defendant-Appellee.
 No. 475, Docket 30745.
 United States Court of Appeals Second Circuit.
 Argued Aug. 30, 1966.
Decided Sept. 13, 1966.
 
 Robert V. Zener, Dept. of Justice, Washington, D.C. (John W. Douglas, Asst. Atty. Gen., Justin J. Mahoney, U.S. Atty., David L. Rose, Dept. of Justice, Washington, D.C., on the brief), for plaintiff-appellant.
 Bernard T. King, Syracuse, N.Y. (Nathan H. Blitman, Blitman, Carrigan & King, Syracuse, N.Y., on the brief), for defendant-appellee.
 Before LUMBARD, Chief Judge, and WATERMAN and SMITH, Circuit Judges.
 LUMBARD, Chief Judge.
 
 
 1
 The Secretary of Labor appeals from an order of the District Court for the Northern District of New York, dated August 16, 1966, which denied the Secretary's motion for a temporary restraining order to enjoin the defendants, Local Unions Nos. 545, 545A, 545B and 545C and the International Union of Operating Engineers, from giving any effect to an incompleted election of officers[1] pending the final hearing and determination of the Secretary's action, commenced in 1964, to set aside the election of officers for three-year terms held in 1963. We think the district court should have granted the Secretary's motion. Accordingly, we reverse the order and direct the district court to issue the injunction prayed for and to proceed to hear and determine the merits of the suit with all possible speed.
 
 
 2
 We think the district court has the power to enjoin a union from holding an election, or from giving effect to one already in process, where it is apparent that the Secretary is likely to succeed in his claim that the election under which the union's officers are currently serving was conducted in violation of the requirements of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. 481, where the impending balloting is apparently being conducted under substantially similar conditions, where it also appears that such injunction will not cause serious injury to the unions concerned, and where the Secretary is likely to suffer a very real detriment in his attempt to enforce the law if such restraining order is not granted. Cf. Wirtz v. Local Union 169, Int'l Hod Carriers', etc., Union, 246 F.Supp. 741 (D.Nev.1965); Goldberg v. Trico Workers Union, 53 L.R.R.M. 2875, 2876 (W.D.N.Y.1963), followed in Wirtz v. Local 559, United Bhd. of Carpenters,60 L.R.R.M. 2522 (W.D.Ky.1965). See Beaird, Union Officer Election Provisions of The Labor-Management Reporting and Disclosure Act of 1959, 51 Va.L.Rev. 1306, 1337-39 (1965). We find all these conditions to exist here, and as the Secretary has acted without undue delay following our recent decision of August 1, 1966 in Wirtz v. Local Unions 410 et al., and Local 30, and the International Union of Operating Engineers, 366 F.2d 438, an injunction against giving effect to the 1966 election should issue.
 
 
 3
 First, it appears likely that the Secretary will succeed in the action he commenced in May 1964 to invalidate the 1963 election. His complaint states that requirements regarding the qualifications of candidates for union office severely restrict available candidates in violation of 29 U.S.C. 481(e),[2] in that:
 
 
 4
 (1) only those members of defendant Local classified as 'parent Local Union' members were eligible for nomination;(2) only those members of defendant Local who had filed written declarations of intent to be candidates on or before January 15, 1963 were eligible to be nominated at the nominations meeting held in May 1963;
 
 
 5
 (3) only members who had been in continuous good standing, by paying dues on or before the dues date for each dues period, for one year preceding the election, were eligible to be nominated.
 
 
 6
 It is alleged that 81% of the entire membership of the Local were not classified as 'parent Local Union' members as they belonged to branch locals; and that the net result of the three restrictions listed above was to disqualify more than 95% of the membership, reducing to less than 5% of the total membership of the Local, namely 38 out of more than 1,000 members, the number who were available for nomination.
 
 
 7
 The complaint asks that the election which was held between May 25, 1963, and June 26, 1963, be declared null and void and that the court direct a new election of all officers of the defendant Local under supervision of the Secretary, pursuant to 29 U.S.C. 482(c).[3]
 
 
 8
 Immediately following the filing of our opinion in Wirtz v. Local Unions 410 and Local 30, the Secretary, on August 10, moved in the district court to enjoin the defendants from proceeding with the 1966 election. When Judge Port denied the application on August 16, the Secretary sought a stay from this court and asked for an early hearing of the appeal. Judge Waterman issued a stay on August 23 and arranged for the hearing of the appeal on August 30.
 
 
 9
 What we said recently in Wirtz v. Local Unions 410 and Local 30 about similar restrictive requirements of the International Union of Operating Engineers, the same international union involved here, and the probable effect of such requirements on union elections seems applicable here. The record before us indicates that there is a good likelihood that the Secretary will prevail in his action to set aside the 1963 election as having been held under conditions which violate the LMRDA.
 
 
 10
 As for possible injury to the union, which may result in staying the 1966 election, it is quite apparent from the undenied assertions in the Secretary's motion papers, and what was said at the argument of this appeal, that the continuance in office of the present officers until the merits of this suit have been adjudicated can make little if any difference in the conduct of the union's affairs in the event that the Secretary's position should not ultimately prevail.[4] Thus it is clear that to restrain the union from proceeding with the 1966 election would not harm the union.
 
 
 11
 On the other hand, we think that the Secretary would be very seriously prejudiced if the 1966 election were permitted to proceed so that those declared elected would take office. The result would be to moot the Secretary's suit by terminating the tenure of office of those serving under the 1963 mandate. Wirtz v. Local Unions 410 and Local 30. Although the 1966 officers would have been elected under conditions substantially the same as those which obtained in 1963 (and which, as we have indicated, appear to violate the LMRDA), the requirements of the statute for the bringing of suit would have to be complied with anew with the consequent loss of time in assembling the facts regarding the 1966 election. Moreover, the loss of more than two and a half years in reaching the merits of the controversy between the Secretary and the union, could well cause such discouragement and frustration of those members of the union whose rights have been violated that none of them would be willing to come forward to make the complaint which is required to permit the Secretary to bring suit.
 
 
 12
 The Secretary is not at fault for not having made earlier application to the district court for a stay of the 1966 election. It was an appropriate and commendable saving of time for the district court and for all concerned that he should await the determination of similar issues in the Local 410 and Local 30 cases in this circuit. In those cases notices of appeal were filed on September 13, 1965 and October 21, 1965 respectively, and argument was heard on May 11, 1966. Until our decision, filed August 1, 1966, there was little, if any, authority for holding that a subsequent election and installment of officers would moot a suit directed to a prior election. At any rate, following the August 1 decision, the Secretary has pursued his application for a stay with all reasonable speed.
 
 
 13
 While we are loath to desagree with the district court in the matter of granting a stay, because weight must always be given to the discretion of the trial court, we think that here the public interest in permitting the Secretary to pursue the remedies available under the LMRDA in this suit, and without additional delays which may altogether frustrate his duty to enforce the statute and protect the rights of individual union members, is so great that we must intervene so that matters can proceed with all necessary speed.
 
 
 14
 Accordingly, we reverse the order of the district court and direct that an injunction issue, as prayed by the Secretary, our stay to continue until such injunction issues in the district court. We also direct that the trial of the issues proceed without delay and that this matter be given procedence over all other civil business in the district to the extent that this is possible.
 
 
 
 [1]
 The election was commenced on August 5, 1966 by means of mail referendum. Ballots were sent to the members on that date, returnable on or before August 23. The formal tally, announcement of results and installation of officers would take place thereafter
 
 
 [2]
 Section 481(e) reads in part:
 '(e) In any election required by this section which is to be held by secret ballot a reasonable opportunity shall be given for the nomination of candidates and every member in good standing shall be eligible to be a candidate and to hold office (subject to section 504 of this title and to reasonable qualifications uniformly imposed) * * * The election shall be conducted in accordance with the constitution and belaws of such organization insofar as they are not inconsistent with the provisions of this subchapter.'
 
 
 [3]
 Section 482(c) reads in part:
 '(c) If, upon a preponderance of the evidence after a trial upon the merits, the court finds--
 (1) that an election has not been held within the time prescribed by section 481 of this title, or
 (2) that the violation of section 481 of this title may have affected the outcome of an election. the court shall declare the election, if any, to be void and direct the conduct of a new election under supervision of the Secretary and, so far as lawful and practicable, in conformity with the constitution and bylaws of the labor organization.'
 
 
 [4]
 On oral argument the union did not dispute the Secretary's assertion that a large majority of the present officers were renominated for the 1966 election and were not opposed